FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 21, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OSVALDO CARDENAS,<br><br>               Plaintiff,<br><br>     v.<br><br>JEREMY WELCH and<br>DAWNA COX,<br><br>               Defendants. | No. 1:26-cv-3015-EFS<br><br>**ORDER DISMISSING ACTION** |

On February 2, 2026, the Court received Plaintiff Osvaldo Cardenas's *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] That same day, the Clerk of Court instructed Plaintiff to keep the Court informed of any change of address, stating, "If you do not provide written notice of your change of address, the District Court

---

[1] ECF No. 1.

ORDER DISMISSING ACTION - 1

Executive/Clerk cannot be responsible for your inability to receive Court orders and correspondence."[2]

At the time the Complaint was filed, Plaintiff was housed at the Yakima County Jail.[3] However, mail addressed to Plaintiff at the Yakima County Jail, the last address provided, was returned as undeliverable on May 19, 2026, and June 1, 2026.[4]

Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to his current mailing address. If mail directed to a *pro se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify the Court and opposing parties of his current address or the Court may dismiss the action.[5]

---

[2] ECF No. 4.

[3] ECF No. 1 at 2; ECF No. 1-1 at 1.

[4] ECF Nos. 10, 11.

[5] LCivR 41(b)(2).

ORDER DISMISSING ACTION - 2

The Court has an interest in managing its docket and in the prompt resolution of civil matters.[6] Plaintiff has failed to keep the Court apprised of his current address.

Accordingly, **IT IS HEREBY ORDERED**:

1.    This action is **DISMISSED WITHOUT PREJUDICE** pursuant to LCivR 41(b)(2).

2.    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

---

[6] *See Destfino v. Reiswig,* 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galaza,* 291 F.3d 639, 642–44 (9th Cir. 2002) (discussing factors to consider in dismissing claim for failure to prosecute or failure to comply with court order, including the public's interest in expeditious resolution, the court's need to manage docket, and the risk of prejudice to defendants).

ORDER DISMISSING ACTION - 3

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, **enter judgment**, provide copies to Plaintiff at his last known address, and **CLOSE** the file.

DATED this 21st day of July 2026.

EDWARD F. SHEA
Senior United States District Judge

ORDER DISMISSING ACTION - 4